**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILADELPHIA SUBURBAN DEVELOPMENT CORPORATION, <br><br> *Plaintiff,* <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> *Defendant.* | Case No. 2:26-cv-3374 |

**STARBUCKS'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
<u>DISMISS COUNTS II, III, AND V OF PLAINTIFF'S COMPLAINT</u>**

**TABLE OF CONTENTS**

**Page**

I.    Introduction ........................................................................................................ 1

II.   Background ........................................................................................................ 1

III.  Standard of Review and Applicable Law .......................................................... 2

IV.   Argument ........................................................................................................... 4

    A.   Count II – Fraud – Fails As a Matter of Law............................................ 4

        1.   The Gist of the Action Doctrine Bars PSDC's Fraud Claim. ..................... 4

        2.   The Parol Evidence Rule and the Lease's Integration Clause Bar
            Reliance on Extra-Contractual Representations. ....................................... 8

        3.   PSDC Has Not Pled Fraud with the Particularity Required by Rule
            9(b). ........................................................................................................ 10

    B.   Count III – There is No Independent Cause of Action for Breach of
       Implied Covenant of Good Faith and Fair Dealing ............................... 12

    C.   Count V – The Parties' Enforceable Contract Eliminates a Claim for
       Promissory Estoppel .............................................................................. 13

V.    Conclusion ...................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*335 Righters Ferry Road LP v. Minno & Wasko Architects & Planners, PC*,
  No. 23-1963, 2024 WL 4656212 (E.D. Pa. Nov. 1, 2024) .......................................................12

*Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co.*,
  256 F. Supp. 2d 329 (E.D. Pa. 2003) .....................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................2, 3, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................2, 3

*Brown v. Philip Morris, Inc.*,
  250 F.3d 789 (3d Cir. 2001)...................................................................................................2

*Bruno v. Erie Insurance Co.*,
  106 A.3d 48 (Pa. 2014)....................................................................................................4, 7

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997)......................................................................................3, 10, 11

*Carlson v. Arnot-Ogden Mem'l Hosp.*,
  918 F.2d 411 (3d Cir. 1990)..............................................................................................13, 14

*Chamberlain v. Giampapa*,
  210 F.3d 154 (3d Cir. 2000)...................................................................................................4

*Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc.*,
  94 F. Supp. 2d 589 (E.D. Pa. 1999) ...................................................................................8, 10

*Foster v. Attias*,
  No. 18-4853, 2023 WL 3435463 (E.D. Pa. May 12, 2023)....................................................8

*Graham Packaging Co., L.P. v. Transplace Tex., L.P.*,
  No. 15-1982, 2015 WL 8012970 (M.D. Pa. Dec. 7, 2015).....................................................7

*Hanaway v. Parkesburg Grp., LP*,
  132 A.3d 461 (Pa. Super. Ct. 2015)......................................................................................12

*Iversen Baking Co. v. Weston Foods U.S., Inc.*,
  874 F. Supp. 96 (E.D. Pa. 1995) ..........................................................................................13

*KBZ Commc'ns, Inc. v. CBE Techs., LLC*,
   No. 13-2011, 2014 WL 348631 (E.D. Pa. Jan. 31, 2014)........................................................7

*McCabe v. Marywood Univ.*,
   166 A.3d 1257 (Pa. Super. Ct. 2017).....................................................................................12

*Mirarchi v. Marshall & Swift*,
   No. 23-588, 2023 WL 2648200 (E.D. Pa. Mar. 27, 2023) .....................................................11

*Post v. Liberty Mut. Grp., Inc.*,
   No. 2:14-CV-238-CDJ, 2014 WL 2777396 (E.D. Pa. June 18, 2014) .........................3, 10, 11

*Ross v. Meyer*,
   No. 12-0998, 2014 WL 2800748 (E.D. Pa. June 19, 2014).......................................6, 8, 9, 10

*SIS Int'l Trade, Inc. v. Scudder Realty, LLC*,
   No. 23-2193, 2024 WL 1197514 (E.D. Pa. Mar. 20, 2024) ......................................................9

*SJW Home Association v. Georgine's Knights, Inc.*,
   Nos. 2380 EDA 2021, 2386 EDA 2021, 2022 WL 6914676 (Pa. Super. Ct.
   Oct. 12, 2022) ..........................................................................................................................8

*SodexoMAGIC, LLC v. Drexel Univ.*,
   24 F.4th 183 (3d Cir. 2022) ......................................................................................................9

*Teri Woods Pub. LLC v. Williams*,
   No. 12-04854, 2013 WL 1500880 (E.D. Pa. Apr. 12, 2013)............................................11, 12

*UTICA Mutual Ins. v. Wells Fargo Bank, N.A.*,
   No. CV 25-5867-KSM, 2026 WL 1662583 (E.D. Pa. June 9, 2026) ........................................4

*Velazquez v. State Farm Fire & Cas. Co.*,
   No. CV 19-3128, 2026 WL 837103 (E.D. Pa. Mar. 26, 2026)..................................................3

*Williams v. Mercedes-Benz USA*,
   No. 24-934, 2025 WL 607545 (E.D. Pa. Feb. 24, 2025) .......................................................5, 7

*WP 851 Assocs., L.P. v. Wachovia Bank, N.A.*,
   No. 07-2374, 2008 WL 114992 (E.D. Pa. Jan. 10, 2008)..........................................................5

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
   854 A.2d 425 (Pa. 2004)........................................................................................................8, 9

**Statutes**

Philadelphia Code § 14-303(12) ..................................................................................................14

**Other Authorities**

Fed. R. Civ. P. 9(b) ............................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(6)...............................................................................................................2, 3

## I.    INTRODUCTION

Avoiding the four-corners of its commercial lease, Plaintiff Philadelphia Suburban Development Corporation ("PSDC") recasts a contractual dispute—whether the parties complied with the lease—as tort and equitable causes of action. Pennsylvania law, and its "gist of the action" doctrine, does not permit such claims where the parties' express, written contract squarely addresses the rights, obligations, and remedies to which the parties agreed. Defendant Starbucks Corporation ("Starbucks") moves to dismiss all claims except for the breach of contract and declaratory judgment claims. The contract's integration clause bars these claims, as well. Moreover, the fraud claim fails to satisfy the pleading standards of Rule 9(b).

## II.    BACKGROUND

On April 29, 2026, PSDC filed a Complaint against Starbucks in the Court of Common Pleas of Philadelphia County, Pennsylvania. On May 7, 2026, PSDC filed a Motion for Leave to File an Amended Complaint, which sought only to correct page-numbering issues and did not add or remove parties, claims, or factual allegations.[1] Starbucks removed the action to this Court on May 18, 2026. Notice of Removal, ECF No. 1. PSDC's Complaint asserts five counts: (I) Breach of Contract; (II) Fraud; (III) Breach of the Implied Covenant of Good Faith and Fair Dealing; (IV) Declaratory Judgment; and (V) Promissory Estoppel, pleaded in the alternative. Notice of Removal, Ex. A (ECF No. 1-3) ("Compl.") ¶¶ 72-99.

According to the Complaint, this dispute arises out of a commercial ground lease (the "Lease") executed on October 27, 2021, between PSDC, as landlord, and Starbucks, as tenant,

---

[1]    At the time of removal to this Court on May 18, 2026, Plaintiff's Motion for Leave to Amend remained pending before the Philadelphia Court of Common Pleas. Because that motion has not been renewed in this Court, and the proposed amendments were non-substantive in nature (addressing only page-numbering corrections), Starbucks references the original Complaint throughout this Memorandum.

for a property located at 2628-32 N. Broad Street, Philadelphia, Pennsylvania 19132 (the "Property"). *Id.* ¶¶ 1, 7. On November 19, 2025, Starbucks sent a letter to PSDC exercising its "option to terminate the Lease effective immediately" under Section 17.2, stating that it "has been unable to obtain its Governmental Approvals on terms satisfactory to Tenant." *Id.* ¶ 62. The Complaint contends that this termination was wrongful on four grounds: (1) that the termination right under Section 17.2 had expired with the Feasibility Period in February 2022; (2) that Starbucks itself caused the delays it cited; (3) that Starbucks acted in bad faith; and (4) that Starbucks's claim of inability to obtain governmental approvals was "false" because it had already obtained a building permit. *Id.* ¶¶ 63-67. PSDC further asserts that Starbucks made "direct promises"—not to Plaintiff—but to the citizens of Philadelphia, generally, at community meetings regarding its plans to open and operate a Community Store in North Philadelphia. *Id.* ¶ 37. The Complaint characterizes these public statements and community meeting representations as forming the basis for its fraud claim (Count II) and promissory estoppel claim (Count V).

Starbucks now moves to dismiss Counts II, III, and V of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## III.    STANDARD OF REVIEW AND APPLICABLE LAW

Under Rule 12(b)(6), a complaint shall be dismissed if it fails to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a claim is plausible, and not merely possible, is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although a court must accept all well-pleaded allegations of material fact as true, *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d

Cir. 2001), it should not accept as true a legal conclusion presented as a factual allegation. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "A pleading that offers" only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not'" survive a motion to dismiss under Rule 12(b)(6). *Id.* (quoting *Twombly*, 550 U.S. at 555).

In addition to satisfying Rule 12(b)(6)'s plausibility requirement, claims sounding in fraud must also meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This particularity requirement demands that a plaintiff plead the "who, what, when, where, and how" of the alleged fraud. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1422 (3d Cir. 1997). Although state of mind may be alleged generally, a plaintiff must still allege some facts addressing a defendant's intent, otherwise they fail to state a claim for fraudulent conduct. *Post v. Liberty Mut. Grp., Inc.*, No. 2:14-CV-238-CDJ, 2014 WL 2777396, at *4 (E.D. Pa. June 18, 2014). A fraud claim that fails to satisfy Rule 9(b)'s heightened pleading standard must be dismissed under Rule 12(b)(6). *See In re Burlington*, 114 F.3d at 1418.

The parties' Lease states that it is to be governed by Pennsylvania law. *See* Compl. Ex. B § 23.11 ("This Lease shall be governed by the laws of the state where the Leased Premises are located."). Moreover, this Court, sitting in diversity jurisdiction, "applies Pennsylvania law to Plaintiff's substantive claims … and the Federal Rules of Civil Procedure with respect to the adequacy of the pleadings." *Velazquez v. State Farm Fire & Cas. Co.*, No. CV 19-3128, 2026

3

WL 837103, at *6 (E.D. Pa. Mar. 26, 2026) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000)).

## IV.    ARGUMENT

Even accepting the factual allegations of the Complaint as true, PSDC has failed to state legally cognizable claims for the Counts II, III, and V. Specifically, the fraud claim (Count II) must be dismissed because it impermissibly recasts a contract claim as a tort, fails to satisfy the heightened pleading requirements of Rule 9(b), and, along with the promissory estoppel claim (Count V), is precluded by the integration clause in the enforceable written contract governing the parties' obligations. Additionally, the implied covenant claim (Count III) is not an independent cause of action and should be dismissed on that basis.

### A.    COUNT II – FRAUD – FAILS AS A MATTER OF LAW

#### 1.    The Gist of the Action Doctrine Bars PSDC's Fraud Claim.

"The gist of the action doctrine provides that a tort claim based on a party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action ... although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." *UTICA Mutual Ins. v. Wells Fargo Bank, N.A.*, No. CV 25-5867-KSM, 2026 WL 1662583, at *7 (E.D. Pa. June 9, 2026) (cleaned up). "In this regard, the substance of the allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort ... is not controlling." *Id.* (quotation marks omitted).

The Pennsylvania Supreme Court has adopted the gist of the action doctrine and clarified its application. In *Bruno v. Erie Insurance Co.*, the Court held that "the nature of the duty alleged to have been breached ... [is] the critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract." 106 A.3d 48, 68 (Pa. 2014). "[T]he substance of the

4

allegations comprising a claim in a plaintiff's complaint are of paramount importance, and, thus, the mere labeling by the plaintiff of a claim as being in tort ... is not controlling." *Id.* If the duty breached is "one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." *Id.*; *see also Williams v. Mercedes-Benz USA*, No. 24-934, 2025 WL 607545, at *6 (E.D. Pa. Feb. 24, 2025) ("[U]nder Pennsylvania law, fraud claims related to contractual performance must be pursued as contract claims, not tort claims, and misrepresentation claims cannot proceed if they relate solely to contractual obligations.").

This doctrine is especially appropriate for commercial lease disputes. In *WP 851 Assocs., L.P. v. Wachovia Bank, N.A.*, No. 07-2374, 2008 WL 114992 (E.D. Pa. Jan. 10, 2008), the plaintiff alleged that the defendant fraudulently misrepresented its intent to perform its obligations under a prospective lease agreement. *Id.* at *4. The court granted the defendant's motion to dismiss the fraud claim under the gist of the action doctrine, holding that the plaintiff's "'fraud' claim is merely another way of alleging that [defendant] made a promise and then failed to honor that promise" and that "[t]he 'fraud' facts are not 'analytically separable from allegations of breaches in the performance of the contract.'" *Id.* at *5. The court explained that "as pleaded, the 'fraud' allegations fulfill every category of action that the 'gist of the action' doctrine is designed to foreclose: they arise solely from the alleged 'agreement,' the duty allegedly breached ... [is] grounded in the 'agreement' itself, [defendant's] potential liability would only arise from its obligations under the 'agreement,' and the 'fraud' claim duplicates the contract claim." *Id.* The same analysis applies here: PSDC's fraud claim arises from the Lease,

alleges breach of duties grounded in the Lease, and entirely duplicates its breach of contract claim.

PSDC's fraud claim rests entirely on alleged "material misrepresentations" by Starbucks connected to the Lease for a Community Store in North Philadelphia. Compl. ¶ 79. But each of the Complaint's alleged "misrepresentations" amounts to nothing more than an allegation that Starbucks promised to perform its contractual obligations but allegedly did not intend to do so. *Id.* ¶ 80. Specifically, PSDC alleges three categories of purported misrepresentations: (a) Starbucks publicly and directly represented at Broad and Ridge Opportunities for Communities ("BROC") meetings and community gatherings that it was committed to opening a Community Store in North Philadelphia; (b) Starbucks executed the Lease in October 2021, "representing by that act its commitment to lease the property for twenty years, pay rent, and operate a Community Store"; and (c) Starbucks agreed to a Rent Commencement Date of March 5, 2024, "representing its intent to honor its obligations under the Lease." Compl. ¶ 79.

Each of these alleged "representations" directly tracks the obligations set forth in the Lease: the obligation to lease the property (Section 2.2) (which would fulfill any alleged community commitments), to pay rent (Section 3.1), and to pursue governmental approvals (Section 17). Compl. Ex. B. PSDC's fraud claim thus arises solely from the contractual relationship between the parties, the duties allegedly breached are created and grounded in the Lease itself, and the alleged damages would be fully compensable in an ordinary breach of contract action. *See Ross v. Meyer*, No. 12-0998, 2014 WL 2800748, at *10 (E.D. Pa. June 19, 2014) (dismissing claim for promissory fraud which duplicated contract claims arising out of agreement).

Applying *Bruno*'s source-of-duty test to the Complaint's allegations readily demonstrates that PSDC's fraud claim is barred. The duties Starbucks allegedly breached, the commitment to lease the property, pay rent, and operate a Community Store, are "… created by the parties by the terms of their contract," the Lease, rather than a "broader social duty owed to all individuals." *Bruno*, 106 A.3d at 68. First, PSDC's fraud claim arises solely from the parties' contractual relationship, because every alleged misrepresentation concerns Starbucks's commitment to perform its obligations under the Lease, including any alleged community commitment to enter into a lease in the first place. Second, the duties allegedly breached, including the obligations to lease the property, pay rent, and operate a Community Store, are expressly created and grounded in the Lease itself. Third, PSDC's alleged liability stems exclusively from Starbucks's purported failure to perform its contractual promises. Fourth, PSDC's fraud claim is entirely duplicative of its breach of contract claim; indeed, the Complaint seeks the same categories of damages for both counts, reliance damages for PSDC's investment in the property. *See* Compl. ¶¶ 68-72, 82-84. Because PSDC's fraud claim arises from the same contractual obligations, the alleged harm is fully compensable through an ordinary breach of contract action, and Count II should be dismissed under the gist of the action doctrine.[2] *See Bruno*, 106 A.3d at 68-69; *KBZ Commc'ns, Inc. v. CBE Techs., LLC*, No. 13-2011, 2014 WL 348631, at *2 (E.D. Pa. Jan. 31, 2014).

---

[2]   PSDC's fraud claim is independently barred by the economic loss doctrine for the same reasons. "The two doctrines, gist of the action and economic loss, are closely related." *Graham Packaging Co., L.P. v. Transplace Tex., L.P.*, No. 15-1982, 2015 WL 8012970, at *2 (M.D. Pa. Dec. 7, 2015); *see also Williams*, 2025 WL 607545, at *5 ("[T]he gist of the action doctrine and the economic loss doctrine preclude plaintiffs from asserting tort claims that arise from contractual obligations rather than independent legal duties."); *Air Prods. & Chems., Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 335 (E.D. Pa. 2003).

### 2. The Parol Evidence Rule and the Lease's Integration Clause Bar Reliance on Extra-Contractual Representations.

To the extent PSDC's fraud claim relies on pre-contractual representations made at BROC meetings and community gatherings, those representations are independently barred by the parol evidence rule and the Lease's comprehensive integration clause. Under Pennsylvania law, where "'the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement'; ... '[a]ll preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract.'" *Foster v. Attias*, No. 18-4853, 2023 WL 3435463, at *9 (E.D. Pa. May 12, 2023) (quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004)).

The parol evidence rule bars a party from introducing extrinsic evidence of prior or contemporaneous representations to contradict or supplement a fully integrated written agreement. For example, in *SJW Home Association v. Georgine's Knights, Inc.*, Nos. 2380 EDA 2021, 2386 EDA 2021, 2022 WL 6914676 (Pa. Super. Ct. Oct. 12, 2022), the Pennsylvania Superior Court applied the parol evidence rule to bar reliance on a prior oral "side agreement" in a commercial lease dispute. The court so ruled even though both parties stipulated the oral agreement was a "material term" of their transaction. *Id.* at *1. The court held that the lease's integration clause, providing that the written lease "sets forth all the promises, agreements, conditions and understandings" between the parties, rendered this prior understanding inadmissible parol evidence. *Id.* at *5-6.

The rule applies to fraudulent inducement, fraudulent misrepresentation, and negligent misrepresentation claims where the contract contains an integration clause. *Coram Healthcare Corp. v. Aetna U.S. Healthcare, Inc.*, 94 F. Supp. 2d 589, 594-95 (E.D. Pa. 1999); *Ross*, 2014

8

WL 2800748, at *10-11. When an integrated contract includes a "fraud-insulating" integration clause, such as a superseding clause providing that the contract replaces all prior written or verbal agreements, "the parol evidence rule prevents the use of extrinsic evidence to vary the fraud-insulating term," and "without such evidence, it is virtually impossible to establish the justifiable-reliance element needed for a fraud claim." *SIS Int'l Trade, Inc. v. Scudder Realty, LLC*, No. 23-2193, 2024 WL 1197514, at *4 (E.D. Pa. Mar. 20, 2024) (quoting *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 214 (3d Cir. 2022)).

An integration clause "is a clear sign that the writing is meant to" represent the parties' entire agreement, "and thereby expresses all of the parties' negotiations, conversations and agreements made prior to its execution." *Yocca*, 854 A.2d at 436. Section 23.7 of the Lease contains precisely such a clause:

> This Lease contains all agreements of the parties as of the date hereof with respect to any matter mentioned herein. **No prior agreement, correspondence or understanding pertaining to any such matter shall be effective to interpret or modify the terms hereof. Oral commitments or promises are not enforceable and shall not be binding or made part of this Lease.** Any revisions or modifications to this Lease must be in writing and mutually accepted by persons with full and complete authority to bind the party, as designated by this Lease. Landlord waives the right to claim or assert the existence of any other modifications to this Lease. This Lease may be modified only in writing, signed by the parties in interest, at the time of the modification. Landlord specifically acknowledges that Tenant's employees at the business located on the Leased Premises do not have authority to modify this Lease or to waive Tenant's rights hereunder.

Compl. Ex. B § 23.7 (emphasis added).

PSDC expressly agreed that "oral commitments or promises are not enforceable." *Id.* PSDC cannot now rely on alleged oral statements at BROC meetings and community gatherings, the very "oral commitments or promises" that the Lease declares "shall not be binding," as the basis for a fraud claim. *See Ross*, 2014 WL 2800748, at *11-12 (dismissing fraud-in-the-inducement claim where settlement agreement contained integration clause providing that "no

9

statement, promise, representation, warranty, condition, inducement or agreement of any kind with respect to the subject matter of this Agreement shall be, or has been, relied upon by the respective Party unless specifically contained and incorporated herein").

The same result is warranted here. Where the parol evidence rule bars the admission of statements necessary to establish a contract or tort claim, a court may properly grant a motion to dismiss. *Coram Healthcare*, 94 F. Supp. 2d at 595. "Other courts in this district have not hesitated to apply the parol evidence rule upon the existence of an incorporation/integration clause resulting in the dismissal of fraud in the inducement claims." *Ross*, 2014 WL 2800748, at *11 (collecting cases).

### 3.    PSDC Has Not Pled Fraud with the Particularity Required by Rule 9(b).

PSDC's fraud claim independently fails because it does not satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). To state a claim for common law fraud under Pennsylvania law, a plaintiff must plead: (1) a material representation; (2) made falsely, with knowledge of falsity or reckless disregard for truth; (3) with intent to mislead; (4) justifiable reliance; and (5) injury caused by that reliance. *Post*, 2014 WL 2777396, at *4. Rule 9(b) requires that "the circumstances constituting fraud" must be stated with particularity. Fed. R. Civ. P. 9(b). PSDC fails to satisfy multiple elements of this standard: it does not identify any specific fraudulent statement, its scienter allegations are wholly conclusory, and it fails to connect any representation to any particular harm.

First, the Complaint fails to identify any specific fraudulent statement with requisite particularity. Rule 9(b) requires the "who, what, when, where, and how" of the alleged fraud. *In re Burlington*, 114 F.3d at 1422. PSDC alleges only that Starbucks made "material misrepresentations" at "BROC meetings and community gatherings." Compl. ¶ 79. But which

meetings? On what dates? Who spoke? What exactly was said? Who from PSDC witnessed and heard these comments? What alleged statements did PSDC rely upon, and who relied on them? The Complaint is silent on all of these essential details. *See Teri Woods Pub. LLC v. Williams*, No. 12-04854, 2013 WL 1500880, at *6 (E.D. Pa. Apr. 12, 2013) (dismissing fraud claim that "lacks the 'what, how, where and when' underlying a proper fraud claim").

Second, PSDC's scienter allegations are conclusory. PSDC alleges that Starbucks's "representations were knowingly false when made" and that "Starbucks did not intend to fulfill its obligations." Compl. ¶ 80. These are precisely the "threadbare recitals of the elements" that "do not suffice" under controlling authority. *Iqbal*, 556 U.S. at 678; *In re Burlington*, 114 F.3d at 1418. A plaintiff "must still allege facts that show the court their basis for inferring that the defendants acted with 'scienter.'" *In re Burlington*, 114 F.3d at 1418. PSDC has pleaded no facts whatsoever supporting fraudulent intent, no internal communications, no conduct inconsistent with intent to perform, no evidence of a scheme to deceive. Moreover, the Complaint affirmatively undermines any inference of fraud: Starbucks obtained a building permit in February 2025, more than three years after executing the Lease. Compl. ¶ 60. If Starbucks never intended to perform, why would it have pursued governmental approvals for years? Non-performance alone does not establish fraudulent intent. *Post*, 2014 WL 2777396, at *4.

Third, PSDC fails to allege that any particular statement caused specific harm. PSDC may not "simply point to a bad result and allege fraud[,]" rather, it must "inject precision or some measure of substantiation into [the] fraud allegation." *Mirarchi v. Marshall & Swift*, No. 23-588, 2023 WL 2648200, at *1-3 (E.D. Pa. Mar. 27, 2023) (dismissing fraud claim for failing to connect specific statement to specific harm). PSDC alleges generally that it "invest[ed]

11

millions" of dollars and "suffered substantial damages," Compl. ¶¶ 82-84, but makes no effort to connect any specific representation to any specific investment or harm or to show that any of these investments were in any way different than any obligation it had under the Lease itself.

In sum, PSDC's fraud claim is "devoid of any injection of precision or measure of substantiation." *Teri Woods*, 2013 WL 1500880, at *6. The Complaint fails to identify the "who, what, when, where, and how" of the alleged fraud; substitutes conclusory labels for factual allegations of scienter; pleads facts that affirmatively negate fraudulent intent; and fails to connect any statement to any harm. Because PSDC has failed to plead its fraud claim with the particularity required by Rule 9(b), Count II should be dismissed on this independent ground.

### B. COUNT III – THERE IS NO INDEPENDENT CAUSE OF ACTION FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Pennsylvania law is clear: there is no independent cause of action for breach of the implied covenant of good faith and fair dealing. Because no set of allegations can salvage this claim under Pennsylvania law, Count III should be dismissed with prejudice.

"Pennsylvania does not recognize an independent cause of action for breach of a covenant of good faith and fair dealing." *McCabe v. Marywood Univ.*, 166 A.3d 1257, 1261 n.2 (Pa. Super. Ct. 2017). The Pennsylvania Superior Court has repeatedly confirmed this rule. *See Hanaway v. Parkesburg Grp., LP*, 132 A.3d 461, 471 (Pa. Super. Ct. 2015), *aff'd in part, rev'd in part on other grounds*, 168 A.3d 146 (Pa. 2017) ("The implied covenant of good faith and fair dealing attaches to existing contractual obligations; it does not add new contractual duties."). Federal courts in this district have consistently applied this rule to dismiss standalone implied covenant claims at the motion to dismiss stage. *See, e.g.*, *335 Righters Ferry Road LP v. Minno & Wasko Architects & Planners, PC*, No. 23-1963, 2024 WL 4656212, at *3 (E.D. Pa. Nov. 1,

12

2024) (dismissing implied covenant claim with prejudice because "under Pennsylvania law, this covenant does not form the basis of a standalone claim").

### C.    COUNT V – THE PARTIES' ENFORCEABLE CONTRACT ELIMINATES A CLAIM FOR PROMISSORY ESTOPPEL

Under Pennsylvania law, promissory estoppel requires: (1) the promisor made a promise that he should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcement of the promise. *Carlson v. Arnot-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990). Critically, promissory estoppel is a quasi-contractual doctrine available only in the absence of a contract to prevent injustice. *Id.* When a valid, enforceable contract governs the parties' relationship, the plaintiff has an adequate contractual remedy at law and promissory estoppel cannot lie. *See Iversen Baking Co. v. Weston Foods U.S., Inc.*, 874 F. Supp. 96, 102 (E.D. Pa. 1995) ("[I]n Pennsylvania, a promissory estoppel claim can only exist in the absence of a contract."). PSDC has pleaded the existence of an enforceable written contract—the Lease—and has asserted a breach of contract claim against Starbucks in Count I. PSDC cannot simultaneously maintain that no contract governs the relationship and seek recovery under promissory estoppel. Notably, Starbucks is not moving to dismiss the breach of contract claim in this motion. The existence of the Lease forecloses any promissory estoppel claim as a matter of law.

Even if promissory estoppel could apply in the alternative, notwithstanding the existence of the Lease, PSDC's claim fails for an independent reason: the "promises" on which PSDC relies are either (a) the same obligations already embodied in the Lease, or (b) oral representations that PSDC contractually agreed are unenforceable. The Complaint alleges that Starbucks promised "to lease the Property for fifty years, to pay rent, to operate a Community

13

Store, and to perform its obligations under the Lease." Compl. ¶ 94. These are not extracontractual promises, they are the express obligations set forth in Sections 2.2, 3.1, and 17 of the Lease. PSDC cannot recast its breach of contract claim as a promissory estoppel claim by relabeling contractual duties as independent "promises." *See Carlson*, 918 F.2d at 416 (rejecting promissory estoppel claim where alleged promises duplicated contractual obligations).

To the extent PSDC also relies on alleged oral promises made at BROC meetings and community gatherings, those promises are independently barred by the Lease's integration clause and the parol evidence rule. As discussed in Section IV.A.2, *supra*, Section 23.7 of the Lease provides that "[o]ral commitments or promises are not enforceable and shall not be binding or made part of this Lease." Compl. Ex. B § 23.7. PSDC cannot invoke promissory estoppel to enforce the very oral representations that it contractually agreed would have no legal effect.

Moreover, to the extent PSDC's promissory estoppel claim rests on alleged promises made "to North Philadelphia residents and organizations" at "BROC meetings and community gatherings," Compl. ¶¶ 6, 37, 94, those allegations fail for an additional reason: vague commitments to "the community" do not constitute actionable promises enforceable by a private commercial developer. Such statements could not supplant the integration clause between the actual parties, nor does PSDC—a private developer seeking its own commercial damages—have standing to assert such promises on behalf of "the community" or to seek "an order directing that Starbucks fulfill its commitments to the North Philadelphia community." *See* Compl. ¶ 99.

When developers in Philadelphia make enforceable commitments to communities, they do so through formal Community Benefits Agreements with recognized community organizations such as Philadelphia's Registered Community Organizations ("RCOs"), which have standing under the zoning framework to advocate for community interests. *See* Philadelphia

Code § 14-303(12). PSDC is not an RCO (nor could it be); it is a private, for-profit developer that did not allege the existence of a Community Benefits Agreement with Starbucks. PSDC cannot take alleged promises to the community and turn them into an actionable claim where its written contract contains the parties' promises and specifically precludes enforcement of pre-contractual "oral commitments or promises." Count V should be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Starbucks respectfully requests that the Court dismiss Counts II (Fraud), III (Breach of the Implied Covenant of Good Faith and Fair Dealing), and V (Promissory Estoppel) of PSDC's Complaint with prejudice.


Dated: June 17, 2026

/s/ Matthew A. White
Matthew A. White, Esq. (ID No. 55812)
Marcel Pratt, Esq. (ID No. 307483)
Travis W. Watson, Esq. (ID No. 330753)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
T: 215.665.8500
WhiteMa@ballardspahr.com
PrattM@ballardspahr.com
WatsonTw@ballardspahr.com

*Attorneys for Starbucks Corporation*

15